UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PETER ANEKWE,

                Plaintiff,

        -against-

FREDERICK BERNSTEIN, Medical Director of Green Haven Corr. Fac.; ALBERT ACRISH, RN, Medical Provider,

                Defendants.

21-CV-11108 (LAP)

ORDER OF SERVICE

---

LORETTA A. PRESKA, United States District Judge:

    Plaintiff, currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights when he was incarcerated at Green Haven Correctional Facility ("Green Haven"). He names as defendants Medical Director Frederick Bernstein and Medical Provider Albert Acrish.

    By order dated January 19, 2022, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).[1] As set forth in this order, the Court directs service on Bernstein and Acrish.

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served summonses and the complaint until the Court reviewed the complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for each Defendant. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendants. Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is further instructed to issue summonses for Bernstein and Acrish, complete the USM-285 forms with the addresses for these defendants, and deliver all documents necessary to effect service to the U.S. Marshals Service.

      The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

SO ORDERED.

Dated:  February 11, 2022
        New York, New York

                                              LORETTA A. PRESKA
                                              United States District Judge

**DEFENDANTS AND SERVICE ADDRESSES**

1. Medical Director Frederick Bernstein
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010

2. Medical Provider Albert Acrish
   Green Haven Correctional Facility
   594 Rt. 216
   Stormville, NY 12582-0010